IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| QUANTAVIOUS CEDRON ARNOLD,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | : | CIVIL ACTION NO.<br>1:25-CV-0451-LMM<br><br>CRIMINAL ACTION NO.<br>1:20-CR-0244-LMM |

**ORDER**

This matter comes before the Court for consideration of the Final Report and Recommendation (R&R), Dkt. No. [215], in which Magistrate Judge Catherine Salinas recommends that Movant Quantavious Cedron Arnold's 28 U.S.C. § 2255 motion to vacate his conviction and/or sentence, Dkt. No. [201], be denied. Movant has filed his objections to the R&R, Dkt. No. [218].

**I. Background and Legal Standard**

On January 5, 2021, Movant was charged in a superseding indictment with one count of carjacking; one count of brandishing a firearm during and in relation to said carjacking; one count of armed bank robbery; one count of brandishing a firearm during and in relation to said bank robbery; one count of

possession of cocaine with intent to distribute; one count of possession of a firearm in furtherance of a drug trafficking crime; and two counts of possession of a firearm by a convicted felon, Dkt. No. [74]. The Eleventh Circuit described the factual background as follows:

> As part of his plea, Arnold conceded that in November 2019, he used, carried, and brandished a firearm during a carjacking; and that two days later, he possessed and brandished a firearm while robbing a bank. Arnold also conceded that he later recorded himself fanning out hundred-dollar bills and holding two pistols in the air. The parties stipulated that Arnold (1) possessed marijuana with intent to distribute and had a firearm on him in November 2018, (2) possessed marijuana with intent to distribute in February 2019, and (3) possessed a SCCY CPX-1 9mm pistol during the November 2019 bank robbery.
>
> In December 2021, the District Court tried Arnold, and Atlanta Police Department Officer Matthew Officer Abad testified to the following: On the evening of November 22, 2019, Officer Abad responded to a call to track someone who had crashed a stolen vehicle. He searched a wooded area next to the road for anyone who matched the driver's description. After several minutes, he encountered Arnold in the woods. When ordered to show his hands, Arnold tried to flee. Arnold tripped and fell, allowing Officer Abad to arrest him. Before and during the arrest, Officer Abad saw nothing in Arnold's hands. But after arresting Arnold, he located two small plastic containers where Arnold was lying when he first encountered him.
>
> Inside the containers were around 39 rocks of cocaine. On the outside, they were labeled with blue tape, "5" written on one and "10" on the other. Officer Abad also found a gray and black Nike crossbody bag on the ground five to ten feet from Arnold. Inside, he found a loaded firearm and a small digital scale. The firearm was a gray-and-black SCCY CPX-1 9mm pistol. Officer Abad used the scale to weigh the suspected cocaine, which weighed 3.8 grams. In Officer Abad's experience, about half a gram of crack cocaine was a typical personal use amount. He found nothing in the woods or on Arnold's person that could facilitate the cocaine's consumption.

> Arnold accused Officer Abad of "trying to jack [him] up." While seemingly gesturing toward the cocaine, the Nike bag, the firearm, and the scale, Arnold said, "when you was walking through the woods, that's when y'all were discovering the shit that y'all got." The Government introduced evidence that Arnold wore a Nike crossbody bag during the November 2019 carjacking and bank robbery. Special Agent Elizabeth Urban also testified to a cell phone extraction yielding a video of Arnold with a Nike crossbody bag and a firearm. During closing arguments, Arnold conceded there was "proof that there were pictures of [the Nike] bag and him."

Dkt. No.[197] at 2–4.

On November 3, 2021, Movant entered a plea of guilty to carjacking, brandishing a firearm in relation to the carjacking, armed bank robbery, brandishing a firearm in relation to the bank robbery, and one count of possession of a firearm by a convicted felon, Dkt. No. [129-1]. Movant elected to have a bench trial, held on December 8, 2021, on the remaining charges of possession of cocaine with intent to distribute, possession of a firearm in furtherance of a drug trafficking crime, and the second count of possession of a firearm by a convicted felon, Dkt. No. [151]. This Court found Movant guilty of all three counts. Id. On June 14, 2022, Arnold was sentenced to a total of 300 months of imprisonment and three years of supervised release, Dkt. No. [173]. Movant appealed, and the Eleventh Circuit affirmed, his convictions and sentence, Dkt. No. [197]. In his appeal, Arnold argued that there was insufficient evidence to support his convictions for drug trafficking and possession of a firearm and drug trafficking activity. Id. The Eleventh Circuit held as follows:

> The District Court's finding that Arnold knowingly possessed cocaine is supported by sufficient evidence. Arnold was discovered near the

> cocaine in a secluded wooded area, with a loaded firearm and digital scale nearby. The cocaine was located precisely where Arnold had been lying before encountering Officer Abad. While Arnold contends that our precedents linking firearms to drug trafficking often involve large-scale operations, he cites no decision rendering them inapplicable in his case. Moreover, Arnold's attempted flight, past involvement in drug dealings, and initial false denial of the items found in the woods collectively strengthen the inference that he knowingly possessed the cocaine.
>
> Likewise, the District Court's determination of Arnold's intent to distribute cocaine is supported by sufficient evidence. The court appropriately considered both Arnold's possession of a digital scale and the quantity of cocaine as circumstantial evidence of intent to distribute. Any suggestion that the cocaine was for personal use is undermined by the lack of items that could be used to consume it. Additionally, the District Court rightly regarded Arnold's prior drug dealings as "highly probative" of his intent to distribute. See United States v. Cardenas, 895 F.2d 1338, 1344 (11th Cir. 1990).
>
> . . .
>
> The District Court's conclusion that Arnold's possession of the firearm was in furtherance of drug trafficking finds sufficient support in the evidence. Arnold's possession of a digital scale along with 3.8 grams of cocaine strongly implies involvement in drug distribution. Moreover, he illegally possessed a loaded and easily accessible firearm, discovered near a substantial quantity of cocaine—well beyond what typically relates to personal use—in a secluded wooded area late at night.

Id. at 7–9.

Movant filed the instant motion to vacate on January 30, 2025, asserting four claims of ineffective assistance of counsel, Dkt. No. [201]. In the R&R, Judge Salinas found that Movant failed to demonstrate ineffectiveness under the standard adopted in Strickland v. Washington, 466 U.S. 668 (1984), Dkt. No. [215] at 7–12.

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate [judge]'s report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

## II. Discussion

Movant raises the following claims of ineffective assistance of trial counsel, arguing that his attorney: (1) failed to make adequate use of a government law enforcement witness's disciplinary history; (2) failed to file suppression or other pretrial motions; (3) withdrew from Movant's case prior to sentencing; and (4) made statements during trial that were prejudicial to Movant's case, Dkt. No. [201] at 4–8. The Magistrate Judge addressed each of the four claims, Dkt. No. [215] at 7–12, and found that Movant failed to satisfy one or both of the Strickland prongs as to allegation of ineffectiveness.

The Sixth Amendment right to counsel includes the right to the effective assistance of competent counsel. McMann v. Richardson, 397 U.S. 759, 771 & n.14 (1970). To make a successful claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the

deficient performance prejudiced his defense. Strickland, 466 U.S. at 687. Counsel's performance is deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases. Id. at 687–88. "[T]he Strickland test 'has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer could have acted, in the circumstances, as defense counsel acted at trial.'" White v. Singletary, 972 F.2d 1218, 1220–21 (11th Cir. 1992).

In his first objection, Movant argues that he did show prejudice stemming from trial counsel's failure to impeach the arresting officer with evidence of prior wrongdoing and resulting discipline. The decision whether and how to cross-examine or impeach a witness is ordinarily a matter of trial strategy committed to counsel's professional judgment. See Messer v. Kemp, 760 F.2d 1080, 1090 (11th Cir. 1985) ("The decision as to whether to cross-examine a witness is a tactical one well within the discretion of a defense attorney."); Fugate v. Head, 261 F.3d 1206, 1219–20 (11th Cir. 2001). The Eleventh Circuit has repeatedly emphasized that courts do not second-guess reasonable strategic decisions merely because, in hindsight, another approach might have been preferable. See Waters v. Thomas, 46 F.3d 1506, 1512, 1514 (11th Cir. 1995) (*en banc*). Accordingly, Movant has not shown his counsel's decision to not impeach the arresting officer was deficient performance. As such, he cannot prevail on an ineffective assistance claim even if he established prejudice.

Next, Movant objects to the denial of his claim alleging trial counsel's failure to file pretrial motions. The Magistrate Judge pointed out the conclusory nature of Movant's claim, noting that he failed to allege facts upon which counsel could have based suppression or other pretrial motions. Dkt. No. [215] at 10. In his objections, Movant argues that counsel should have moved to suppress evidence that the arresting officer planted the gun and drugs with which he was charged with possessing. Dkt. No. [218] at 5. To support this theory, Movant points out that (1) the officer's body camera footage turned off during the chase and ultimate arrest, and (2) video evidence did show the officer remove the items from a bag, which is contrary to his written report. Id. 5–6. Yet, even as Movant's argument makes clear, during the bench trial, the Court inquired about these issues directly during the arresting officer's testimony and was satisfied with his responses. Id. at 6. Therefore, Movant cannot show that he was prejudiced by his counsel's failure to raise these issues via pretrial motion because the Court sua sponte addressed them.

Movant's third objection is to the Magistrate Judge's determination that he failed to show prejudice arising from trial counsel's withdrawal from representation prior to sentencing, Dkt. No. [218] at 7. As the Magistrate Judge pointed out, new counsel was appointed three months prior to his sentencing, Dkt. No. [215] at 11. Movant's objection argues that new counsel was not familiar with the case and her argument was therefore limited; yet he fails to propose even a single argument that his new counsel could have made had she been involved in

his case from the outset. Therefore, the Magistrate Judge was correct that Movant has not established prejudice in relation to trial counsel's withdrawal prior to sentencing.

Finally, as to his fourth claim of ineffective assistance—alleged prejudicial statements made by his attorney—Movant objects to the Magistrate Judge's recommendation of denial based on his failure to delineate what prejudicial statements he challenged by offering two statements his counsel made. Dkt. No. [218] at 9. According to Movant, during the arresting officer's testimony, trial counsel stated, "I don't think you're lying" and "I believe you are a credible officer of the law." Id. Movant contends that these statements bolstered the witness's testimony. Id. Movant was tried before the Court, however, not a jury. The Court is well aware that what attorneys say is not evidence." United States v. Smith, 918 F.2d 1551, 1562 (11th Cir.1990). There is a presumption that district judges "will rely only upon properly admitted and relevant evidence" during bench trials. Tampa Bay Shipbldg. & Repair Co. v. Cedar Shipping Co., 320 F.3d 1213, 1216 (11th Cir. 2003). So, the "prejudicial impact of erroneously admitted evidence is thus presumed to be substantially less" in a bench trial. United States v. Hughes, 542 F.2d 246, 248 (5th Cir. 1976) (quoting United States v. Nicholson, 492 F.2d 124 (5th Cir. 1974)). Therefore, even if improper, counsel's statements had no effect on the outcome of the trial. As such, Movant has failed to demonstrate prejudice arising from the identified statements of his attorney.

## III. Conclusion

For the foregoing reasons, the Court concludes that Judge Salinas's rejection of Movant's ineffective assistance claims was correct. Accordingly, Movant's objections, Dkt. No. [218], are **OVERRULED** and the R&R, Dkt. No. [215], is **ADOPTED** as the order of the Court. The pending 28 U.S.C. § 2255 motion to vacate, Dkt. No. [201], is **DENIED**.

The Court further agrees Movant has failed to make "a substantial showing of the denial of a constitutional right," and a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2). The Clerk is **DIRECTED** to close Civil Action Number 1:25-CV-0451-LMM.

**IT IS SO ORDERED** this 2nd day of September, 2026.

Leigh Martin May

**Leigh Martin May**
**United States District Judge**